## WILLIAMS v MIDDENDORF

Ohio Appeals, 1st Dist, Hamilton Co

No 4858. Decided Nov 25, 1935

John C. Thompson, Cincinnati, for plaintiff in error.

Closs & Closs, Cincinnati, for defendant in error.

dence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.

"4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

Tested by this rule, was there evidence which should have been submitted to the jury? We are of the opinion that the c·:·.·° cumstances testified to by the defendant and Wagner taken in conjunction with the conversation between the widow and the defendant constituted substantial evidence that it was the defendant who had the contract to do the work for Merson, and that Wagner and the decedent were his employes at the time. If the testimony of the widow is believed as to what the defendant said to her, he admitted that he was the contractor, that the decedent was working for him and that he had sent him to the place where the work was to have been done. That together with the other evidence as to the relation between him and Wagner would tend to prove that Wagner was the defendant's employe in the operation of the truck on the day in question. Credibility of a witness is peculiarly within the province of the jury and if the jury concluded to give credit to that testimony we think it could not be said as a matter of law that reasonable minds could not draw different conclusions as to whether Wagner was the defendant's employe, acting within the scope of his employment at the time and whose negligence, if any, would be imputed to the defendant.

Notwithstanding whatever change in the rule may have been affected by the decision in Hamden Lodge, etc. v The Ohio Fuel Gas Co., supra, it cannot control when there is present the direct testimony of a witness to a necessary element of a case and there is adequate evidence on the other essential elements. The rule in that case is only applicable in cases requiring a construction of circumstantial evidence and drawing inferences therefrom. The purpose of the rule is to keep judicial reasoning within the bounds of rationality and to avoid fantastic conclusions from insufficient premises. It is not the purpose of the rule to substitute the judge for the jury as the trier of the credibility of witnesses.

## OPINION

By MATTHEWS, J.

The rule by which the court should be governed in passing upon a motion for an instructed verdict is laid down in **Hamden Lodge No. 517 v The Ohio Fuel Gas Co.**, 127 Oh St, 469. The pertinent paragraphs of the syllabus of that case are:

"3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evi-

The court, therefore, erred in sustaining the motion for an instructed verdict.

For these reasons, the judgment is reversed and the cause remanded for a new trial.

ROSS, PJ, and HAMILTON, J, concur.

## MECK, In Re

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 4, 1935

Ralph Emery, chairman, Toledo, John W. Hackett, Toledo, Howard H. Jacobson, Toledo, Robert C. Dunn, Toledo, and Joel S. Rhinefort, Toledo, committee.

Chester A. Meck, Toledo, in propria persona.

For full opinion see 5 OO 102; 51 Oh Ap 237.